# JOSEPH VALTEZ

## *v.*

# THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

1. DEMURRER TO EVIDENCE—*its effect.* Where a defendant demurs to the plaintiff's evidence, he admits all the facts such evidence tends to prove, and, upon the facts thus admitted, demands the judgment of the court whether the plaintiff is entitled to recover.

2. SAME—*when it states evidence instead of facts.* After a voluntary joinder in demurrer to evidence, the plaintiff can not object that the demurrer admits the evidence instead of the facts which the evidence establishes.

3. MASTER AND SERVANT—*liability of master to servant for acts of fellow servant.* Where a servant of a railway company sustained personal injury while engaged in repairing cars, through the negligence of a fellow servant, a driver of a switch engine, in mistaking a signal while pushing cars, it was *held,* that the plaintiff could not recover against the company, the common master, he and the fellow servant being in the same line of employment.

4. SAME—*when servants are fellow servants.* Those who are engaged in the service of the same master, in carrying on and conducting the same general business in which the usual instrumentalities are employed, may justly be called fellow servants. A proper test of this relation is, whether the negligence of the one is likely to inflict injury on the other.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. M. MILLARD, for the appellant.

Mr. J. M. HAMILL, and Mr. C. A. BEECHER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was case, in the St. Clair circuit court, by Joseph Valtez, plaintiff, and against the Ohio and Mississippi Railway Company, defendant. to recover damages for a personal injury caused by the negligence of defendant's servants. The questions come before us on a demurrer to the evidence, which had been adjudged in favor of the defendant, and a judgment rendered against plaintiff for the costs, to reverse which he appeals, and makes the point that the demurrer was not properly framed, and should have been overruled on the ground, and for the reason, that it admitted the evidence, instead of the facts which the evidence established.

We do not appreciate the force of this objection as now made, as the record shows the plaintiff voluntarily, without any order of the court, joined in the demurrer, thus distinguishing the case from that of *Dormady* v. *The State Bank,* 2 Scam. 236. It is the office of a demurrer to the evidence, to withdraw the issues from the jury, in order that the court may pronounce the law upon the facts admitted by the demurrer. The defendant, in effect, says to the plaintiff, by demurring to the evidence, that all the facts such evidence tends to prove are admitted to exist, but upon those facts you are not entitled to recover, and on that we demand the judgment of the court.

What are the material facts admitted by the demurrer? That plaintiff was in the employment and service of the defendant, together with other servants and employees, in repairing cars, at its depot in East St. Louis; that the usual place of making such repairs was in a shed, into which one or more tracks of the company entered; that the person in charge of the repair gang, one Rein, directed this car, which

required new springs to be attached, should be placed on the " dead track," so called for the reason that cars not in use were placed there, and where there would be less switching and less danger than in the shed; that while he was so employed, he, by the negligence and carelessness of another servant of the company, employed on the same track at this depot, was badly injured. This is the substance of the proof, and the question, so often decided by this court, of *respondeat superior*, arises. It is unnecessary to cite the numerous cases wherein this court has held that one servant can not recover from the common master, for injuries done by a fellow servant in the same line of employment, if the master has selected trusty and competent servants, and of this there is no dispute. The accident was caused by the driver of a switch engine, there employed, mistaking the signal of the yard master. Plaintiff knew, when he entered into the employment of the company, the hazard attending his vocation, and, for the emoluments of his position, assumed the usual and ordinary hazards of the service into which he entered. He knew the company employed many men, and had a right to believe some of them might be careless and negligent in the performance of a duty, and this hazard he voluntarily accepted. Those who are engaged in the service of the same master, in carrying on and conducting the same general business, in which the usual instrumentalities are used, may justly be considered fellow servants. A proper test of the existence of this relation may be to inquire whether the negligence of the one is likely to inflict injury on the other, as claimed by appellee in its argument. This is not unlike the case of the *Chicago and Alton Railroad Company* v. *Murphy, Admx.*, 53 Ill. 336. It was there said, where the ordinary duties and occupations of the servants of a common master are such that one is necessarily exposed to hazard by the carelessness of another, they must be supposed to have voluntarily taken the risks of such possible carelessness when they entered the service, and must be regarded as fellow servants within the rule.

It is very plain appellant knew, when he entered the ser-

vice of this company, he would be exposed to the action of other servants of the company; that, on an emergency, he might be called upon to make repairs, as in this case, not in the shed, but on a track, and be exposed to the acts of engine-drivers and others, whose business called them on to the same track.   Admitting, as the demurrer does, all the facts and the inferences fairly to be drawn from them, there is no cause of action made out, and the circuit court did right in sustaining the demurrer, and its judgment must be affirmed.   See case of *Illinois Central Railroad Company* v. *Modglin, ante*, p. 481.

*Judgment affirmed.*

Mr. JUSTICE DICKEY:   It was not the province of the court, on demurrer to evidence, to determine from the evidence that plaintiff's injury came from act of a fellow servant.   That, if true, is affirmative matter of defense, and, on demurrer, could not properly be considered.   Nor do I think that the car repairer is in a common employment with the engineer managing the switch engine in the yard.