[No. 1402.   Decided July 11, 1894.]

FRANCISCA ZINTEK *et al.*, *Respondents*, v. STIMSON MILL COMPANY, *Appellant*.

MASTER AND SERVANT — WHO IS VICE PRINCIPAL — NEGLIGENCE OF MASTER — CONTRIBUTORY NEGLIGENCE.

The yard boss of a lumber yard, whose duty it is to superintend the piling of lumber therein and direct the workmen engaged in said work, who are subject to his order and control, stands in the position of a vice principal, instead of a fellow servant, of such workmen, although he may occasionally perform services as tallyman in measuring lumber, and although his authority to hire and discharge men is subject to the approval of the general superintendent.

In an action against a mill company to recover for the death of plaintiff's decedent resulting from injuries due to the negligent construction of a lumber pile, there is sufficient proof of defendant's negligence when it is shown that a properly constructed lumber pile will stand alone; that decedent was an employé in the lumber yard and was killed by the falling of a pile near which he was working; that the pile which fell had been so carelessly and negligently constructed on an insufficient foundation that it only stood because

it had been constructed between two other piles, the removal of one of which permitted its fall; and that the negligent construction of said pile of lumber was made under the direction and with the knowledge of the yard boss, who occupied the position of a vice principal.

In such an action, the evidence does not show that plaintiff's decedent was guilty of contributory negligence, when it does not appear therefrom that he had any actual knowledge of the defective foundation of the lumber pile which fell, although he had piled lumber thereon after it had attained a height of about ten feet.

(Hoyt and Stiles, JJ., dissent.)

*Appeal from Superior Court, King County.*

*Charles W. Seymour*, for appellant.

*Isaac D. McCutcheon*, for respondent.

The opinion of the court was delivered by

Scott, J.— Upon a former trial of this action, a judgment of non-suit was rendered by the superior court, from which the plaintiffs appealed. The judgment was reversed ( 6 Wash. 178, 32 Pac. 997 ), and upon the second trial plaintiffs recovered, and the defendant appeals. This appeal is based upon three grounds: (1) The proof is insufficient to charge the defendant with any negligence; (2) the proof shows conclusively that the deceased was guilty of contributory negligence ; and (3) any negligence beyond that of the deceased was the negligence of a fellow servant.

As to the last point, the facts developed at the second trial are not sufficient to materially alter the situation, or take it outside the former ruling. The facts developed at the former trial are qualified, according to the testimony of defendant, to the extent that in hiring and discharging workmen, Nelson reported to Dorman, the general superintendent, and obtained his sanction therefor. It also appears that Nelson occasionally performed some services as tallyman in measuring lumber, but otherwise the facts are the same. He was an assistant superintendent, having

charge of the yard, and it was his duty, according to his own testimony, to superintend and look after the piling of lumber; and the workmen engaged therein were under his orders and subject to his control, and he performed no such services himself.

As to the first ground alleged, there was evidence of the negligence of the defendant. There was testimony to show that lumber properly piled should stand by itself independent of other piles; that this particular pile had been constructed between two other piles, and that the foundation consisted of narrow strips thrown in between said two piles without any cross pieces; that it was built up gradually from time to time, and carried in this condition to the height of several feet, the testimony showing a variance of from three to seven feet; that then cross pieces were placed thereon, and the pile thereafter was carried up in the regular manner to a height of from twelve to seventeen feet — to give the two extremes mentioned in the testimony.

The injury was caused by a portion of the lower part of the pile, which had been constructed as aforesaid, crushing out some three or four feet from the ground, whereby the upper portion split in two and fell over upon Zintek, causing his death. According to the testimony of plaintiff's witnesses, the foundation of this pile was improperly and negligently constructed, and it was an unsafe and insecure foundation.

We fail to find any testimony in the record upon which a charge of contributory negligence can be based. There is no testimony to show that Zintek knew the character of the foundation of the pile in question. Two witnesses testified that they saw Zintek placing lumber upon this pile, but it was at a time after it had been carried up to the extent of some ten feet from the ground, and where it was properly constructed. There is no testimony whatever to show any actual knowledge upon the part of Zintek as to

how the foundation of the pile had been built.    One witness testified that the pile of lumber which had been placed at the ends of the piles in question, the one which fell, and the one which Zintek and Marzillger removed, had been placed there by Zintek and Marzillger, but this was contradicted by Marzillger.    Even if it were so, it is not entirely certain that the defective condition of the foundation of this pile would have been visible from the end, if this other pile had not been there, or that it was visible at all· after its construction, and even if the defects were visible, there is nothing to show that Zintek's attention was drawn thereto in any manner.    It cannot be said that it was his duty to inspect every pile of lumber in the yard, and see that it was safely constructed so that he might safely work around the same in case he should be ordered to do so by the yard boss.

While appellant's attorney contends that Zintek was guilty of contributory negligence, he points to no place in the record where any testimony is found upon which such a charge can be based, and after a careful inspection of the record we find none.    The claim that Zintek knew anything about the construction of this pile is mere assumption, not sustained by any proof.    The most that can be said is that he might have known, and this would be but an inference.

After a careful inspection of the record we are satisfied that there is not sufficient testimony therein upon which a verdict for the defendant, based upon a finding of contributory negligence upon the part of the deceased, could be sustained, let alone the question of a conflict therein.    But if it could be held by the most liberal intendments that there was any proof tending to show this, it was, at least, a disputed question of fact, which has been settled by the finding of the jury in favor of the plaintiff, and it is not within our province to disturb the same.

Affirmed.

DUNBAR, C. J., and ANDERS, J., concur.

Hoyt, J. (dissenting).—In my opinion it more clearly appeared from the proofs offered on this trial that the plaintiff had been guilty of contributory negligence than it did upon the former one, and, for the reasons stated in the dissenting opinion when this case was here before, it must follow that the verdict and judgment cannot be sustained. I am, therefore, compelled to dissent from the opinion of the majority affirming the judgment.

Stiles, J., concurs.