[No. 3096. Decided November 4, 1898.]

MARCIA F. BATEMAN *et al., Respondents,* v. PENINSULAR RAILWAY COMPANY, *Appellant.*

RAILROADS — INJURY TO EMPLOYEE — FELLOW SERVANTS — NEGLIGENCE.

A section foreman, intrusted by a railway company to look after the safety of the track, is the agent or vice principal of the company, and does not occupy the relation of fellow-servant toward a locomotive fireman; consequently the company is liable for injuries occurring to the fireman through the negligence of the section foreman in the discharge of his duties.

Notice to a road superintendent that a trestle was on fire, given in sufficient time to have permitted the superintendent to notify a train, which he knew was approaching the point of danger, but not acted upon by the superintendent, is sufficient proof, when unexplained, to establish negligence on his part.

Appeal from Superior Court, Mason County.—Hon. CHARLES W. HODGDON, Judge. Affirmed.

*Bausman, Kelleher & Emory,* for appellant:

Operatives on a moving train are fellow servants with men on the track, including a section foreman or section men. This has been repeatedly decided by the highest American court. *Northern Pacific R. R. Co. v. Charless,* 16 Sup. Ct. 848 (40 L. ed. 999); *Oakes v. Mase,* 17 Sup. Ct. 345 (41 L. ed. 746); *Northern Pacific R. R. Co. v. Hambly,* 14 Sup. Ct. 983 (38 L. ed. 1009); *Northern Pacific R. R. Co. v. Poirier,* 17 Sup. Ct. 741 (42 L. ed. 72); *Martin v. Atchison, T. & S. F. Ry. Co.,* 17 Sup. Ct. 603 (41 L. ed. 1051). A brakeman on one train is the fellow servant of the engineer of another. *McMaster v. Illinois Cent. Ry. Co.,* 4 South. 59 (7 Am. St. Rep. 653). Assistant fireman of one train is the fellow servant of the conductor of another. *Jenkins v. Richmond & D. R. R. Co.,* 18 S. E. 182 (39 Am. St. Rep. 750). Foreman of a bridge repair gang is the fellow servant of the engineer of a train. *St. Louis Southwestern Ry. Co. v. Henson,* 32 S. W. 1079. Laborer on the track is fellow servant of an engineer or fireman of locomotive who fails to keep the headlight burning. *Collins v. St. Paul, etc., Ry. Co.,* 14 N. W. 60. A switchman causing a fireman's death is his fellow servant. *Harvey v. New York Central, etc., R. R. Co.,* 88 N. Y. 481. Laborer sleeping in a cabin-car on sidetrack is fellow servant of employees on moving train. *Fagundes v. Central Pacific Ry. Co.,* 21 Pac. 437 (3 L. R. A. 824).

*Young & Day,* and *W. B. Dillard,* for respondents:

The company had assigned to the section foreman all the duty of caring for its road and the safety of its employees running thereon. Such duties would unquestionably constitute the foreman a vice-principal. When one owes a duty of care to an employee he cannot free himself

by delegation of that duty; and the person to whom it is delegated, no matter what his station, represents the master therein. *Johnson v. Bellingham Bay Imp. Co.,* 13 Wash. 455; *South West Imp. Co. v. Smith's Adm'r.,* 85 Va. 306 (17 Am. St. Rep. 59); *Snow v. Housatonic R. R. Co.,* 8 Allen, 441 (85 Am. Dec. 726); *Moon's Adm'r v. Richmond & A. R. R. Co.,* 78 Va. 745 (49 Am. Rep. 401); *Elledge v. National City & O. Ry. Co.,* 100 Cal. 282 (38 Am. St. Rep. 290); *Wellman v. Oregon Short Line Ry. Co.,* 21 Ore. 530; *Davis v. Central Vermont R. R. Co.,* 55 Vt. 84 (45 Am. Rep. 590); *Louisville, etc., Ry. Co. v. Hanning,* 31 Am St. Rep. 443; *Miller v. Missouri Pacific Ry. Co.,* 32 Am. St. Rep. 673; *Hall v. Missouri Pacific Ry. Co.,* 74 Mo. 298; *Hulehan v. Green Bay, W. & St. P. R. R. Co.,* 68 Wis. 520; *Houston & T. C. Ry. Co. v. Dunham,* 49 Tex. 181; *Calvo v. Charlotte, etc., Ry. Co.,* 23 S. C. 526 (55 Am. Rep. 28); *Drymala v. Thompson,* 26 Minn. 40; *Illinois Central R. R. Co. v. Welch,* 52 Ill. 183 (4 Am. Rep. 593); Wood, Master and Servant, § 437.

The opinion of the court was delivered by

DUNBAR, J.—Bateman, a locomotive fireman, was killed by the fall of a locomotive through a burning trestle. The complaint alleges carelessness and negligence of appellant in maintaining its line of track and trestles, negligence in allowing the trestle to catch fire, and in permitting drift wood to accumulate about it and forest debris, in failing to inspect its line of track, and in failing to protect the deceased from accident and injury, though it knew of the dangerous condition, and though its section foreman, to whom it delegated the performance of said duty, knew of said danger. The company was also charged with negligence in failing to furnish the deceased a reasonably safe place to labor.

A demurrer was interposed to the complaint, to the effect that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and, upon the trial of the cause, judgment was rendered for $5,000 in favor of the respondent. The answer denied negligence, and affirmatively charged Bateman with assuming the risks of a fireman, and with contributory negligence, and alleges that the accident was caused by the act of a fellow servant. We think there is no question but that the demurrer was properly overruled, and the main question under consideration is that of the liability of fellow servants, motion for non-suit having been made upon the ground that the negligence, if any, was that of a fellow servant.

Appellant alleges as error the refusal of the court to give the following instruction No. 6 of defendant's requested instructions:

" I instruct you, gentlemen, as a matter of law, that if you shall find that the accident causing death of the deceased, Bateman, arose from the neglect of the defendant company's section foreman on the track, and that the ordinary occupations of deceased, Bateman, and of the section foreman in their respective service, bore such relations to each other that the careless or negligent conduct of the section foreman (if any such careless or negligent conduct on his part you shall find) endangered the safety of deceased, Bateman, then such danger was incident to the employment of the deceased, Bateman, and his representatives, the plaintiffs, cannot recover ;"

and the next instruction, No. 7, which involves substantially the same principle. We think these instructions were properly refused. It is true that in *Chicago & Alton R. R. Co. v. Murphy,* 53 Ill. 336 (5 Am. Rep. 48), a case from which the instruction in question was evidently taken, said instruction was sustained by the court under a state of facts somewhat different from the facts involved

in this case. But in a later case, viz., *Chicago & N. W. R. R. Co. v. Moranda,* 93 Ill. 302 (34 Am. Rep. 168), this instruction was specifically overruled. In that case it was said:

" In the case of *Chicago & Alton Railroad Company v. Murphy,* 53 Ill. 336, it was said: 'When the ordinary duties and occupations of the servants of a common master are such that one is necessarily exposed to hazard by the carelessness of another, they must be regarded as fellow servants, within the meaning of the rule which exempts the common master from liability in cases of this character.' This language was referred to with approbation in the case of *Valtez v. Ohio and Miss. Railway Co.,* 85 Ill. 500,—but, as a definition of what shall constitute fellow servants in this class of cases, it is regarded as laying down the rule too broadly, and is disapproved."

And in that case it was held that

" Where a servant of a railway company, whose duty it was, with others, to repair and keep in order a section of the road, while engaged in such duty, and standing some five or six feet from the rail of the track to avoid a passing train, was struck on the head by a large lump of coal, which was carelessly cast by the fireman of the train from the tender, from the effects of which the person injured died;" "the company was liable to his personal representatives for damages, under the statute. The track repairer and the fireman on the passing train were not regarded as fellow servants, within the rule."

It would seem that this announcement of the law was squarely opposed to the contention of the appellant in this action.

But it is not necessary to recur to decisions of other states on this question, for, while it is conceded that the authorities on the proposition involved are conflicting, the many cases decided by this court have settled the rule contrary to appellant's contention. In *Zintek v. Stimson Lumber Co.,* 9 Wash. 395 (37 Pac. 340), it was held that

"the yard boss of a lumber yard, whose duty it is to super-
intend the piling of lumber therein and direct the work-
men engaged in said work, who are subject to his order
and control, stands in the position of a vice principal, in-
stead of a fellow servant, of such workman, although he
may occasionally perform services as tallyman in measur-
ing lumber, and although his authority to hire and dis-
charge men is subject to the approval of the general super-
intendent."

In *McDonough v. Great Northern Ry. Co.*, 15 Wash.
244 (46 Pac. 334), it was held that

"a foreman in charge of railway construction work, with
authority to employ and discharge workmen and direct
them in the performance of their work, and who is the
sole representative of the company at the place or within ·
miles thereof, stands in the position of a vice principal,
although it may be the duty of such foreman to receive
orders from, and report to, the roadmaster, whose head-
quarters were at a considerable distance from the place
of work."

In that case, Nolan, the roadmaster, was held respon-
sible for the explosion of a blind blast, which was unknown
to respondent at the time of its explosion, which was the
cause of the accident. There an instruction to the effect
that, if one servant was placed in the position of control,
authority and direction over the whole work of the master,
or over some general, separate or distinct branch thereof,
he would not be a fellow servant with the other servants
employed, was held by this court to be a proper statement
of the law, and the case of *Chicago, etc., R. R. Co. v. Ross,*
112 U. S. 377 (5 Sup. Ct. 184), was quoted, to the effect
that a conductor of a railroad train, who has the right to
command the movements of the train, and to control per-
sons employed upon it, represents the company while per-
forming those duties, and does not bear the relation of
fellow servant to the engineer and other employees of the
corporation on the train. In this case the evidence shows

conclusively that Sheedy, the section foreman, had under his control the keeping in repair and in safe condition the section of road over which this train ran. This was in no sense a common employment with the fireman, whose duties were specified and had no reference to the road. He had a right to rest upon the assumption that the company would provide him a safe road over which the engine could be projected. It was the duty of the company to provide this safe road, and this proposition is not controverted by the appellant. The company could maintain the safety of this road only through agents. Its agents are its employees. This agent, the section foreman, was clothed by the company with authority to do this duty; and it has often been said by this court and other courts that, where a duty is imposed upon a corporation, it cannot escape the liability incurred by failing to perform that duty by deputing the duty to others.

In *Walker v. McNeill,* 17 Wash. 582 (50 Pac. 518), where failure to keep the road bed in repair caused the death of the engineer, the following instruction was alleged as error, but was sustained by this court:

" It is the duty of the railway company to see that due and reasonable care is used in the inspection of its road bed, ascertaining its condition and in keeping it in repair. If, therefore, you find from the evidence that the road bed at the place of injury was out of repair, and the ties rotten, and that this bad repair and rotten condition of the ties caused the injury, and if you further find that the receiver of the railroad company, or his agents in charge of the track department of the road, knew of the bad condition of the track, or could have ascertained its bad condition by a reasonably careful inspection long enough prior to the accident to have repaired the same, and if they were negligent and careless in failing to inspect the road, or in failing to inspect the same, and that negligence and carelessness caused the injury, without fault or negligence on the part of Robert Walker, then the

plaintiffs can recover. It is the duty of the railroad company, or its receiver, to keep its track in repair, so that it is safe for the kind of engines and rolling stock that it sends over it, so far as reasonable care and prudence will make it so."

It seems to us that this instruction would have been exactly applicable to this case. While there, it is true, the injury was caused by the negligence of the agent of the company who was in charge of the track department, in allowing the ties to become unsound, and here the agent of the company, who was in charge of the track department, allowed the road to become unsafe by reason of a fire consuming a trestle over which the engine had to pass, there is no difference in principle between the two cases. But the facts in this case show possibly a more flagrant dereliction of duty on the part of the railroad company than in the case quoted, for here it is shown that the company's attention had been called to the danger of forest fires, and that it had allowed forest debris to accumulate around the bridges to such an extent that conflagration was made easy and, under the circumstances, probable.

Again, this court, in *Hammarberg v. St. Paul & Tacoma Lumber Co.,* 19 Wash. 537 (53 Pac. 727), in reviewing the authorities on this subject, quoted approvingly the case of *Cooper v. Mullins,* 30 Ga. 146, where it was held that none are deemed to be in a common employment who have no opportunity to use precautions against each other's negligence; and *Sadowski v. Car Co.,* 84 Mich. 100 (47 N. W. 598), where the court said:

" The rule adopted by the federal courts, and in most of the states, and which seems to us most in consonance with reason and humanity, is that those employed by the master to provide or to keep in repair the place, or to supply the machinery and tools for labor, are engaged in a different employment from those who are to use the place or appliance, when provided, and that they are not, there-

fore, as to each other, fellow servants. In such case, the one whose duty it is to provide and look after the safety of the place where the work is to be done represents the master in such a sense that the latter is liable for his negligence."

We are satisfied with the rule announced in *Hammarberg v. St. Paul & Tacoma Lumber Co., supra,* and, applying the law there announced to the facts in this case, we find no error in refusing the instruction asked for. The section foreman here was intrusted by the company to look after the safety of the track, and this constituted him the agent or vice principal of the company. In addition to this, a knowledge of the danger to which this train was subjected was brought directly home to the superintendent of the company. He was notified by a county road superintendent, about two and a half hours before the accident occurred, that a fire was raging on the road; and yet he did not send any one to notify the train, which he knew was approaching, of the danger, or go himself in time to reach the dangerous point until after the accident. It is insisted by the appellant that the evidence was not sufficient to establish negligence on the part of the superintendent; but we think, when the proof was introduced that notice was given, and a reasonable time had elapsed after such notice was given to prevent the accident, and that such notice had not been acted upon by the superintendent, this was sufficient proof, unexplained, of negligence.

The judgment is affirmed.

GORDON and REAVIS, JJ., concur.