[No. 3743. Decided March 13, 1901.]

FRANK UREN, *Respondent,* v. GOLDEN TUNNEL MINING COMPANY, *Appellant.*

NEGLIGENCE — EVIDENCE ADMISSIBLE UNDER GENERAL ALLEGATION.

Where the complaint in an action to recover for personal injuries contains a general allegation of negligence, any fact tending to contribute approximately to the injury is admissible in evidence thereunder.

APPEAL — SUFFICIENCY OF EVIDENCE.

The verdict of the jury will not be disturbed upon a disputed question of fact, where the evidence is conflicting.

MASTER AND SERVANT — FELLOW-SERVANTS — SEPARATE EMPLOYMENT UNDER COMMON MASTER.

The fact that two men were working for the same mining company would not make them fellow servants, when they were employed in separate tunnels under different superintendents, where no supervision of each other's work was possible and no opportunity afforded to use precautions against each other's negligence.

SAME — ASSUMPTION OF RISKS.

The rule that an employee cannot recover for an injury received from a danger which is naturally and necessarily incident to work he is hired to do, and which is apparent to a reasonably prudent man, is not applicable to a case where a miner working on a tunnel of defendant in a narrow gulch, some eight hundred feet below another tunnel operated by defendant, is injured by a rock thrown from the upper tunnel, when it had not been customary to roll them down that particular gulch, and they could have been disposed of by throwing them down another gulch, where no work was going on.

APPEAL — ERRORS NOT URGED BELOW — ADMISSION OF EVIDENCE.

Where evidence as to the incompetency of a mine superintendent was admitted without objection, in an action against the company for injuries resulting from his negligence, and the defendant tried its cause on that issue, it cannot urge on appeal that the court erred in submitting the question to the jury.

EXCESSIVE DAMAGES.

In an action for personal injuries a verdict for $8,500 cannot be said to be so excessive as to indicate passion and prejudice on the part of the jury, when it appears that plaintiff was a young man, that, in addition to the suffering which he endured and the expense incurred, his foot was so badly mashed through defendant's negligence that it was necessary to remove a portion of the bones, leaving him permanently maimed.

Appeal from Superior Court, King County—Hon. E. D. BENSON, Judge. Affirmed.

*Milo A. Root,* for appellant.

*Bausman, Kelleher & Emory,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The respondent sued the appellant for damages alleged to have been sustained from injury caused by a stone rolling down the mountain side and striking his foot. The appellant, which is a mining company, was operating two tunnels on the side of a mountain,—one eight or nine hundred feet below the other. The work at the upper tunnel was operated by one gang of men, and the second or lower tunnel was operated by a separate gang of men. These working camps were situated in a narrow gorge in the side of the mountain. The testimony shows that Mr. Hager was the president of the company, and in control of all the company's affairs and operations. There were two mining superintendents,— Mr. Ellis, who superintended the upper tunnel, and Mr. Williams, who superintended the lower tunnel. Each of these two men had charge of his respective tunnel and his respective gang of men, had authority to control and direct their operations, and had absolute control, subject only to the orders of the president. Mr. Uren was working at the lower tunnel. The canyon was shaped like a chute, being from twelve to eighteen feet wide, with high walls on each side. On the morning of the accident, Uren was drilling. He had been at work about half an hour in the mouth of the lower tunnel. A short distance up the hill above the mouth of the tunnel there was a blacksmith shop, where there were a forge, bellows, and anvil, which were kept there for the purpose of sharpening tools. Uren had left the mouth of the lower tunnel, and started up this canyon to the blacksmith shop, for the purpose of sharpening his tools, and had just arrived at the shop, when he saw a rock coming down through the canyon with great velocity. In attempting to avoid the rock by moving forward, he was struck by the same

on the foot, and his foot was mashed to such an extent that he had to have a portion of the bones of the foot removed, and, according to the testimony, was permanently maimed.   Upon the trial of the cause, judgment was rendered in his favor for $8,500.

The appellant alleges several errors, and we notice them in the order of its argument:   The first contention is that the complaint was not sufficient, under the statutes,—that the facts were not sufficiently set forth to sustain the testimony introduced.   There was no demurrer to the complaint, and it will, therefore, be construed liberally in favor of its sufficiency.   However, we think the complaint was sufficient, under any circumstances.   After alleging employment, etc., paragraph 3 of the complaint is as follows:

"That on or about the 4th day of October, 1899, and while said plaintiff was in the performance of his duties as an employee of said corporation at a point situated below one of the tunnels upon said defendant's said mining claim, the above named defendant, under and by virtue of the orders and direction of its president and general superintendent and foreman, so negligently, carelessly, wrongfully, and wilfully cleaned out and removed from the mouth of said upper tunnel certain large masses of rock, that said masses of rock were precipitated from the mouth of said tunnel and down the mountain side; upon which said claim is situated, in such a manner that one of said masses of rock struck against said plaintiff with great violence."

Paragraph 4 alleges the injury for which the damages are claimed.

It is contended by the respondent that, under a general allegation, any fact tending to contribute to the injury was admissible, and many cases are cited to sustain this contention.   It is not, however, necessary to review the cases cited; for this court in *Cogswell v. West Street, etc.,*

*Ry. Co.*, 5 Wash. 46 (31 Pac. 411), established the doctrine that, under a general allegation of negligence, any fact tending to contribute approximately to the injury was admissible. In that case it was held that under an allegation in the complaint for damages that the defendant so negligently and unskillfully conducted itself in the management of its car that, through the negligence of defendant and its servants in guiding the car, plaintiff was injured, it was admissible to prove defects in the brake rod of the car. In a late case decided by this court, viz., *Collett v. Northern Pacific Ry. Co.*, 23 Wash. 600 (63 Pac. 225), it was held that, when defendant was notified by the complaint with what negligence he was charged, he was thereby informed that the circumstances which tended to show whether he was wanting in due care would be in issue. The question was discussed at length in that case, and the authorities cited, and it would be of no avail to repeat the argument or review the authorities again. We think the complaint is sufficient.

The next contention is that the evidence does not prove that the respondent was struck by the rock that was thrown down the canyon by the plaintiff. This is a question which was submitted to the discretion of the jury, and, there being sufficient testimony to warrant it in coming to the conclusion that the respondent was struck by the particular rock described, its verdict will not be disturbed in that contention. It is not, however, necessary to review the cases cited; for this court, in *Cogswell v. West Street, etc.*, particular.

The next contention is that the respondent was injured by the action of fellow servants. This contention is also untenable. The work of removing the rocks was done under the supervision of one Beach, who had control of the work at that time, and had been instructed by Ellis, the

tunnel superintendent, to throw the rock down the canyon. Beach was evidently acting as a vice principal, and the men working with him were working under his supervision and control, although there seems to be sufficient testimony here to warrant the jury in concluding that not only Beach, but Hager, the president, and Ellis, the superintendent of the upper tunnel, as well as Williams, the superintendent of the lower tunnel, were all guilty of negligence; for the testimony shows—and we are speaking of the testimony of the plaintiff—that this work was planned and the manner of its execution directed by the president, and that Williams, the superintendent of the lower tunnel, was notified on the morning of the accident that the rock would be thrown down the gorge, but that he neglected to notify the respondent of that fact when he went to work. The doctrine of fellow servants has been discussed at such length and so often by this court that it seems profitless to again enter into a discussion of the subject and an analysis of the authorities. In *Zintek v. Stimson Mill Co.*, 9 Wash. 395 (37 Pac. 340), it was held that the yard boss of a lumber yard, whose duty it was to superintend the piling of lumber therein, and direct the workmen engaged in said work, who were subject to his order and control, stood in the position of vice principal, instead of fellow servant, of such workmen, although he occasionally performed other work, and although his authority to hire and discharge men was subject to the approval of the general superintendent. The subject was reviewed again at length in *Hammarberg v. St. Paul & Tacoma Lumber Co.*, 19 Wash. 537 (53 Pac. 727), where it was said that the rule was well established that, in order to constitute one a fellow servant, he must be in the same common employment of the one who has suffered from his negligence; citing approvingly *Cooper v. Mullins*, 30 Ga. 146 (76 Am. Dec. 638), where it was held

that none were deemed to be in a common employment who had no opportunity to use precautions against each other's negligence. Again, in a case recently decided by this court and not yet reported, viz., *Shannon v. Consolidated Tiger & Poorman Mining Co., ante,* p. 119 (64 Pac. 169), a case very much like the case at bar, where three shifts of men were working, and a man in one shift was injured through the negligence of the men in another shift in leaving an unexploded blast, and the boss or man in control failed to notify the men comprising the incoming shift of the danger which threatened them, it was held that the doctrine of fellow servants did not obtain in that case. In fact, we cannot understand how, under any theory of law, the man in charge of the work at the upper tunnel could be held to be a fellow servant with an employee working under another superintendent in another locality, and where no supervision of each other's work was possible. There can be no question but that it was negligence on the part of the appellant to throw these rocks down this narrow gorge, where men were working below, under the circumstances as shown by the testimony in this case.

It is asserted, in the fourth place, that it is well settled by the decisions of this as well as other courts, that an employee cannot recover for an injury from a danger which is naturally and necessarily incident to the work he is hired to do, and which is apparent to a reasonably prudent man. This proposition of law cannot be gainsaid, but it seems to have no application to the case at bar. The testimony does not show, as is asserted by the appellant in its brief, that it was usual for rocks to be rolled down this hill. On the contrary, not only the respondent, but other witnesses, testified that such was not the custom, and that they had never known of rocks before that time having been rolled down by the workmen from above. It was evidently con-

sidered·by the operators at the tunnel above a dangerous thing to do; for they notified Williams, the superintendent of the· lower tunnel, that they were about to commence throwing rocks down the gulch. But there was no testimony that this knowledge was conveyed to the respondent. In fact, the testimony is conclusive that it was not. Hence the danger which culminated in the injury received by respondent was not apparent to him, and was not naturally incident to his employment; for the testimony shows that, if the work had been done in a workmanlike and cautious manner, the rocks could have been thrown down another gulch, where no work was going on, and that it was not necessary for the.promotion of the work to throw them down the gulch where the respondent was working.

The next contention is that the court erred in submitting the question of the incompetency of Superintendent Ellis to the jury. But, in addition to the fact that, under the theory of law which we have discussed above, the testimony was competent under the general averments of negligence incorporated in the complaint, the testimony was introduced without objection, and the appellant introduced proof tending to show the competency of Ellis as a mining superintendent. Having elected to try its cause on this issue, the appellant cannot ask to have the judgment reversed because it failed in maintaining that issue before the jury. 11 Enc. Pl. & Pr., p. 165.

The instructions asked for by the appellant which had not already in substance been given by the court have been disposed of by what has been said on the different points raised above. It appears plainly from the record that there was sufficient testimony to warrant the jury in finding the defendant guilty of negligence in its manner of operating the mine, to find that the respondent was not guilty of contributory negligence, and that his injury was

caused by the negligent manner of operating the mine as alleged in the complaint:

It is finally contended that the verdict was so excessive that it indicates passion and prejudice on the part of the jury. But, from the injury which was evidently sustained by the plaintiff, who was a young man, and who by reason of the injury will be compelled to go through life maimed, in addition to the suffering which he endured and the expense incurred, we cannot say that it appears that the verdict was rendered through passion or prejudice.

The cause having been tried to the jury under proper instructions, and there having been evidence sufficient to maintain the verdict, the judgment is affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.