[No. 3663.   Decided September 17, 1901.]

B. COSTA, *Respondent,* v. PACIFIC COAST COMPANY, *Appellant.*

ACTION FOR PERSONAL INJURIES—EXPLOSION IN MINE—CONCURRING NEGLIGENCE — NON-SUIT.

In an action by a miner to recover for injuries caused by an explosion of gas in a coal mine, defendant is not entitled to a non-suit, when there is evidence showing that the gas tester had discovered the gas and posted notices, but there is a conflict as to whether plaintiff had received any notice; that plaintiff and a fellow servant had reached the breast in the mine where they were to labor and noticed a sign with the word "gas" on it; that plaintiff's co-laborer, believing there was but a slight accumulation of gas, took off his coat and brushed the gas, in accordance with previous instructions from the gas tester when the gas was supposed to be present in small quantity, and that tne act of brushing the gas, drove it toward one of the open lamps carried by the miners, resulting in the explosion complained of; that the miners always worked with open lamps unless otherwise directed by the gas tester and that the gas tester knew the ventilation was inadequate and had promised to remedy it.

SAME — NEGLIGENCE OF FELLOW SERVANT.

Where the negligence of a fellow servant is a concurring cause, but the sole, direct, proximate cause of an accident is the failure of the master to perform his duty to provide a safe place to work and safe appliances, the negligence of the fellow servant will not excuse the master from liability.

MASTER AND SERVANT — GAS TESTER NOT FELLOW SERVANT OF MINER.

A gas tester in a coal mine is not a fellow servant of a miner, since the duty of inspection, prevention and removal of any accumulation of gas is one personal to the coal company, and one to whom that duty is delegated occupies the position of a vice-principal.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Piles, Donworth & Howe (C. H. Farrell,* of counsel.), for appellant.

*Govnor Teats,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Judgment for $665, with costs, was entered in favor of respondent against appellant in an action to recover damages for personal injuries received by respondent in a coal mine belonging to appellant. Respondent was a coal miner of several years' experience, and began work about a week prior to the accident in which he was injured, in breast No. 11 of appellant's mine. He was working with another miner, Castrania, who was also experienced. Castrania had worked in breast No. 11 for several months prior to the accident, which occurred on the 13th of April, 1898. On the day before, respondent and Castrania performed their usual work, and ceased in the evening of that day. On the day of the accident, Castrania preceded the respondent to his work, and when he arrived at the place saw the word "gas" written on a sign. He was carrying an open lamp, and took off his coat, went to the face of the breast, and brushed the gas with his coat. Respondent, who was following Castrania, was in sight of Castrania's lamp. The gas which was disturbed by Castrania's brushing with his coat came in contact with one of the lamps, and both miners received injuries from the explosion. When the evidence in behalf of respondent was concluded, appellant challenged its sufficiency on the ground that no negligence on the part of the appellant was shown, and that it affirmatively appeared from such evidence that the injury was caused to respondent, not by the

accumulation of gas in breast No. 11, but by the act of Castrania, a fellow servant, in wilfully brushing the gas, which he had been notified was there, in the direction of a lighted lamp. The motion was denied. Appellant then produced testimony tending to show that the gas tester made his inspection of the mine prior to seven o'clock, the hour at which the miners went to work, and found gas in breast No. 11, placed signs in the breast and along the man-way with the word "gas" written thereon, and wrote on the bulletin board at the top of the slope, where the miners were compelled to pass in order to enter the mine, that there was gas in breast No. 11; that the gas tester notified one of his assistants, who was known as the "brattice man,"—that is, the man who was to furnish brattice cloth for the purpose of removing gas which had accumulated in the breasts,—to get brattice cloth and meet the gas tester at breast No. 11 for the purpose of removing the gas therefrom. So much of the evidence as is material to the consideration of the exception to its sufficiency will be here considered. The mine was worked with open lamps. Safety lamps were not used by the miners except by direction of the gas tester. Whether notice that there was gas in breast No. 11 on the morning of the 13th was observed on the bulletin board by the miners who went in there is one of the disputed questions of fact. Respondent's evidence is that no such notice was seen. There was evidence that the gas tester was advised of the accumulation of the gas there, and had left signs in the breast indicating gas was there. There was some evidence that the brattice cloth was insufficient for the purpose of giving full ventilation; that is, the complete circulation of the air by which the gas was driven out. There was evidence tending to show that the gas tester, when there was a small collection of gas in this breast,

had brushed it out, and also that Castrania was with him at times when the gas was brushed away; and Castrania testified that the gas tester directed him, when there was a small collection of gas, to brush it away. There was also evidence tending to show that the gas tester had been informed by Castrania in the presence of respondent that the brattice cloth was insufficient in this breast, and that a promise was made that a sufficient cloth would be placed there. Castrania said that he believed the amount of gas was a small collection which he could safely brush out.

Our law (Bal. Code, § 3165) requires that every "owner, agent or operator of every coal mine, whether operated by shaft, slopes or drifts, shall provide in a coal mine a good and sufficient amount of ventilation for such persons . . . as may be employed therein." Manifestly the object of this statute is to provide a reasonably safe place for miners at work in coal mines. But this duty is imposed by the common law. The rule is so well established in this jurisdiction as to require only statement, that the master must furnish a reasonably safe place and safe appliances for the servant. The miners were not allowed safety lamps in this instance, and depended wholly upon the gas tester for their knowledge. Of course, there would not be a proper circulation of air when gas existed in quantities. Yet the fact there was an accumulation in breast No. 11 is not of itself a sufficient inference of negligence of the appellant. But the duty of examination and inspection before the miners went to their work was imposed on appellant. This duty, it appears, was performed. The gas tester had knowledge of the accumulation of gas. The duty of notice and warning to the miner then arose. Whether this duty was performed is, as has been observed, a disputed fact and one which the jury must have found adversely to the appellant. Negligence was then imputed

to the appellant. We do not think the evidence was insufficient to sustain the imputation of negligence. But it is urged on the part of appellant that the proximate cause of the injury to respondent was the act of Castrania in brushing away the gas with his coat, and that they were fellow servants. There are two aspects in which the acts of Castrania may be considered: One, that he had seen the gas tester brush away slight accumulations of gas, which evidently were not considered dangerous, and that he had been directed himself to do this by the gas tester; and whether he was negligent in doing it, under the particular circumstances surrounding him at the time, and in view of the action of the gas tester and his direction, is a mixed question of fact and law. The other phase is that if appellant had not allowed the accumulation of gas to remain in breast No. 11 after knowledge, and without proper warning and notice to keep the miners out of the mine with their open lamps, the accident would not have occurred. In other words, it is not clear that Castrania, if negligent as a matter of law, was the sole, direct, proximate cause of the accident; but his acts may be viewed, rather, as a concurring cause with the negligence of appellant. The rule seems to be that the negligence of a fellow servant does not excuse the master from liability to a co-servant for an injury which would not have happened had the master performed his duty. *Cone v. Delaware, L. & W. R. R. Co.,* 81 N. Y. 206 (37 Am. Rep. 491); *Ellis v. New York, L. E. & W. R. R. Co.,* 95 N. Y. 546; *Grand Trunk Ry. Co. v. Cummings,* 106 U. S. 700 (1 Sup. Ct. 493).

As has been suggested before, the duty of inspection, prevention, and removal of any accumulation of gas is imposed on the coal company. This duty is personal, and cannot be delegated. The views of this court have been

so frequently expressed upon the relation of co-servants, and what relation constitutes fellow servants, that it is not deemed necessary to review the cases here. The gas tester, under the facts in this case, was not a fellow servant with the plaintiff. He was the representative of principal duties of the defendant. Appellant at the trial tendered evidence to show that the gas tester directed the brattice man to take the cloth and to get the gas accumulated out of the mine, and that in pursuance of such directions the brattice man was going to the breast, but did not arrive there before the accident. The offered evidence was excluded. It seems immaterial, and does not tend to establish any essential fact. From what has been said, it follows that no error was committed in refusing the instruction tendered by appellant that the gas tester was a fellow servant and co-employee of plaintiff.

The instruction requested with reference to miners going into the mine with knowledge of gas being a misdemeanor was immaterial.

The court instructed that if there was not negligence on the part of the defendant, but there was negligence on the part of a fellow servant of the plaintiff, by reason of which negligence of such fellow servant the plaintiff was injured, the verdict should be for defendant. The instructions, taken altogether, seem to have fairly and fully advised the jury correctly upon the law of the case, and the issues of primary negligence and negligence of a fellow servant cannot be said to be *per se* questions of law. They were controverted questions of fact, and properly submitted to the jury.

The judgment is affirmed.

FULLERTON, DUNBAR, ANDERS and WHITE, JJ., concur.