36  345
s42   50
s42   55
 42  124
 42  131
j42  132

[No. 5179.   Decided December 22, 1904.]

CLOYCE CONINE, *Appellant,* v. OLYMPIA LOGGING
COMPANY, *Respondent.*[1]

MASTER AND SERVANT—NEGLIGENCE—FAILURE TO PROVIDE SAFE
METHOD OF DOING BUSINESS—STARTING LOGGING ENGINE WITHOUT
WARNING—COMPLAINT—SUFFICIENCY. In an action for personal
injuries sustained through the negligent starting of a logging
engine without giving warning, the complaint is sufficient, as
against a general demurrer, where it is alleged that the defend-
ant's donkey engine used for dragging logs with a cable was
beyond the view of the men attaching the logs, that the defend-
ant negligently failed to supply any appliance by which the en-
gineer could signal to the men that he was about to start the
engine, that it was customary and the defendant's adopted meth-
od of doing business not to start the engine until the men had
signalled to the engineer, and that the engineer negligently
started the engine without waiting for such signal, or giving the
plaintiff any notice, whereby the plaintiff, who was attaching the
logs in his regular line of duty, was injured.

Appeal from a judgment of the superior court for Thur-
ston county, Linn, J., entered January 26, 1904, upon
sustaining a demurrer to the complaint, dismissing an ac-
tion for personal injuries sustained by a logger by reason
of the sudden starting of an engine and the tautening
of a cable. Reversed.

*Phil Skillman* and *J. W. Robinson,* for appellant.

*Israel & Mackay,* for respondent.

HADLEY, J.—Appellant brought this action to recover
damages for injuries received while he was working in
respondent's logging camp. The complaint avers, that,
in the prosecution of its business, the respondent used
modern logging appliances in the way of machinery and
cables, to drag the logs from the places where they were

[1]Reported in 78 Pac. 932.

out in the woods to the places where they were loaded on the cars for transportation to the market; that a donkey engine was used for dragging the logs upon the ground, and that, by means of a cable, the engine was connected with the logs some distance from it; that a signal wire or rope was strung from the engine to the place where the cable was fastened to the logs, so that respondent's employees, in charge of the work of attaching the cable to the logs, could give a signal to the engineer at the engine, thus notifying him that all was in readiness for the engine to start and drag the logs; that such a signal wire or rope was used at the time the appellant's injuries were received, and that it furnished the only means of signalling from the location of the logs in the woods to the engineer at the engine; that, under the rule established by respondent company, the engineer was required to await the signal before starting the engine and moving the logs; that appellant was engaged in attaching the cable to logs, and before he had finished the work of attaching it to certain logs, before he was ready to give, or did give, any signal, and without any warning whatever to appellant, the engineer started the engine, and appellant was thereby injured. It is further averred that the place where appellant was injured was sixty rods distant from the location of the engine, and could not be seen from the place of the engine; that the aforesaid signal wire or rope was the only means provided for communication between the two points; that the respondent negligently failed to provide any means by which the engineer could signal the appellant that he was about to start the engine, so that appellant could protect himself from injury. Respondent demurred generally to the complaint, and the demurrer was sustained. Appellant stood upon the complaint, refusing to plead further, and judgment was thereupon

entered dismissing the action. The plaintiff has appealed.

Respondent urges that the complaint discloses no negligence on its part, and that any negligence which appears is clearly that of a fellow servant. Negligence of the engineer is alleged, and, while appellant asserts in his brief that respondent was negligent in having employed an incompetent engineer, yet he neither alleged in the complaint that the engineer was in fact incompetent, nor that the respondent continued him in its employ when it knew, or should have known, that he was incompetent. The complaint therefore tenders no issue as to the incompetence of the engineer.

It is also averred that the appliances whicn were used by respondent were modern, and that allegation standing alone would seem to negative the idea that there was any negligence in furnishing proper appliances. The additional allegation, however, that respondent negligently failed to provide any appliance by which the engineer could signal the man at the logs materially modifies the former one. What is, at least by the pleader, called negligence, is thus directly charged to respondent. It remains to be determined whether the fact characterized in the pleading as being negligence should be held as a matter of law not to be such. This necessarily calls for an analysis of the relative situation of the persons concerned. The respondent was the employer of both the engineer and appellant, and each was at the post assigned to him by his employer. They were distant from each other sixty rods. Intervening things obstructed the view from one to the other. This method of prosecuting the business had been adopted and directed by respondent. To meet the emergencies of this peculiar situation, respondent had provided means for signals from the location of the logs to the engi-

neer; but from the complaint it appears that no contrivance was supplied by which the engineer could signal the men at the logs. As against demurrer, at least, the complaint seems sufficiently to charge that an available appliance could have been as successfully supplied for one purpose as for the other. The charge is that the engine was started without any signal or warning to appellant, and that, by reason thereof, he was injured.

He was certainly without fault, under the circumstances detailed in the complaint. He could not see the engine or the engineer. His work necessarily placed him in contact with the dangerous surroundings, and it was the duty of respondent to furnish as reasonably safe contrivances to guard him against danger as the circumstances and nature of the business in hand would permit. If appellant had been warned that the engine was about to start, it must be assumed here that he would have escaped injury. His injuries were caused by the starting of the engine. The engineer being provided with no means to give warning that he was about to start the engine, then, whether the start was rightfully or wrongfully made on his part, or whether it was done under some misapprehension or misunderstanding, the fact remains that, if signalling means had been provided, he could have signalled appellant that the engine was about to start, and thus have given him notice to remove himself from the place of danger. While the complaint charges negligence of the engineer, yet it does not charge that his negligence was the sole proximate cause of the accident. The effect of all the allegations, taken together, is to charge that the negligence of the engineer was a concurring cause with negligence of the respondent.

In *Costa v. Pacific Coast Company*, 26 Wash. 138, 66 Pac. 398, this court said:

"In other words, it is not clear that Castrania, if negligent as a matter of law, was the sole, direct, proximate cause of the accident; but his acts may be viewed, rather, as a concurring cause with the negligence of appellant. The rule seems to be that the negligence of a fellow servant does not excuse the master from liability to a co-servant for an injury which would not have happened had the master performed his duty."

See, also, *Brabon v. Seattle*, 29 Wash. 6, 69 Pac. 365.

Moreover, the situation outlined in the complaint may be said to come within the rule declared in *Cooper v. Mullins*, 30 Ga. 146, 76 Am. Dec. 638. In that opinion, after stating the general rule to be that one injured by the negligence of a servant in his master's business is entitled to redress, it is said that the railroad company in the case claimed an exception to the rule as against other servants of the same master. The exception to the rule is conceded by the court and, after stating the reason for it, the opinion continues:

"This reason can have no application to employees whose situations allow them no connective influence over each other. . . . It follows therefore that the cases to which this exception applies are only those where the servant receiving the injury is engaged with the servant inflicting it in a common business where he has an opportunity to exercise a preventive care over his negligence."

The above case was cited approvingly upon this point in *Hammarberg v. St. Paul & Tacoma Lumber Co.,* 19 Wash. 537, 53 Pac. 727; *Bateman v. Peninsular R. Co.,* 20 Wash. 133, 54 Pac. 996; *Uren v. Golden Tunnel Mining Co.,* 24 Wash. 261, 64 Pac. 174. We think the doctrine of the cited Georgia case, repeatedly approved by this court, applies to the case stated in the complaint now before us. The situation alleged, as we have seen, was such that appellant could not see the engineer, and had

not an opportunity to exercise any preventive influence over him, or to guard himself against the act of starting the engine at the time it was done. They were neither in sight, nor within reasonable hearing distance of each other. While the work of each was directed to a common end, yet they were so remote from each other that they had no opportunity for the connective influence by which one fellow servant is required to guard himself against the neglect of another, and it appears that sufficient means for so doing had not been supplied by respondent.

For the foregoing reasons, we believe the complaint is sufficient as against demurrer, and that it states a cause of action. The judgment is reversed, and the cause remanded, with instructions to overrule the demurrer.

DUNBAR, ANDERS, and MOUNT, JJ., concur.