[No. 5959. Decided Feburary 28, 1906.]

CLOYCE D. CONINE, *Respondent,* v. OLYMPIA LOGGING COMPANY, *Appellant.*[1]

MASTER AND SERVANT — NEGLIGENCE — FAILURE TO PROVIDE SAFE METHOD OF DOING BUSINESS — STARTING LOGGING ENGINE WITHOUT WARNING—EVIDENCE—SUFFICIENCY. In an action for personal injuries sustained through the negligent starting of a logging engine without giving warning, there is sufficient evidence of negligence to sustain a verdict for the plaintiff, where it appears that the engine used in dragging logs with a cable was not in view of the men attaching the logs, and was about sixty rods distant, and that the defendant failed to supply any appliance by which the engineer could signal to the men that he was about to start the engine excepting by a whistle of the engine, which, on account of the noise of another engine nearby and of the distance, the men could not always hear, that it was customary in the defendant's adopted method of doing business not to start the engine until the men had signaled the engineer, and the plaintiff, while attaching logs in the regular line of his duty, was injured by the starting of the engine without warning, and without having·given any signal to the engineer to start the engine (FULLERTON, J., dissenting).

SAME—CONCURRING NEGLIGENCE OF FELLOW SERVANT. In such a case the concurring negligence of the engineer in starting the engine before receiving a signal so to do will not relieve the master from liability.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered June 14, 1905, upon the verdict of a jury rendered in favor of the plaintiff for personal injuries sustained by a logger by reason of the starting of an engine and the tautening of a cable. Affirmed.

*G. C. Israel,* for appellant.

*Phil Skillman* and *J. W. Robinson,* for respondent.

HADLEY, J.—This cause was once before appealed to this court, and was reported in 36 Wash. 345, 78 Pac. 932. The former appeal was determined upon demurrer to the com-

1Reported in 84 Pac. 407.

plaint, and for a statement of the averments of the complaint
we refer to the former opinion. The trial court had sus-
tained the demurrer on the ground that no negligence was
charged to the defendant, and that the negligence shown was
that of a fellow servant. This court was, however, of the
opinion that, as against demurrer, the complaint, because of
the particular situation, did charge actionable negligence
against defendant, in that it was charged that defendant
negligently failed to provide an appliance by which the en-
gineer could signal the man at the logs that he was about
to start his engine for the purpose of moving the logs, by
means of which the man at the logs would be enabled to
protect himself against injury. Accordingly the judgment
was reversed, and the cause remanded with instructions to
overrule the demurrer. The defendant afterwards answered,
and denied the allegations as to negligence. The answer
also alleges that the injury was due to plaintiff's contributory
negligence, together with the negligence of a fellow servant.
The cause was tried before a jury, and a verdict was re-
turned in favor of plaintiff for the sum of $2,000, for which
amount judgment was entered, and the defendant has ap-
pealed.

It is assigned that the court erred in denying appellant's
motion for nonsuit. It is contended that the proof showed
that appellant was not negligent in the particular wherein
it was held that the complaint charged negligence; but that
it appeared that means for signaling from the engine to the
man at the logs were provided. The testimony discloses the
environment of respondent much as described in the com-
plaint. His situation at the logs was about sixty rods from
what was called the "road" engine. This engine was sta-
tioned at the side of the railroad track, and was operated
to draw the logs from the place where respondent connected
them with a cable attachment. They were drawn down to
the railroad in this manner for the purpose of being loaded
upon the cars. Respondent's location was up a hill from that

of the engineer at the road engine, and the hill and trees intervened so that one could not see from one location to the other.

Close to the place where respondent was required to attach the logs, was stationed another engine, called the "yard" engine. This was used to draw the logs by means of another cable extending back into the woods to points where the logs were cut. When thus drawn out to a point near this engine, it was respondent's duty to attach them to the cable connected with the road engine, for the purpose aforesaid. A wire rope extended from near respondent's location to the road engine, which was attached to the whistle of the latter engine. It was provided in order that respondent might, by pulling it, sound the whistle of the road engine, and thus signal the engineer that the logs were attached and ready to be drawn. The engineer was not expected to start the engine until he received such a signal, which by rule was to be one sound of the whistle. There was no appliance extending from the road engine to respondent's location whereby the engineer could sound a signal near respondent that the engine was about to be started. The signaling means which appellant contends it did provide were that the engineer should give one sound of the whistle at the engine as a notification to respondent that the engine was about to start for the purpose of pulling the logs. This signal was not to be given, and the engine was not to be started, until respondent had first given the signal indicating that all was in readiness.

It will be observed that the place where appellant contends it provided a signal to be sounded for respondent's protection, was sixty rods distant from him, with a hill and trees intervening between him and the place. Moreover, in close priximity to the respondent was the yard engine, which the evidence shows, was in operation at the time of the accident. It was also shown that the running of this engine and the operation of its cable attachment made much noise.

Taking into account all these surroundings, it became a serious question whether respondent, even by the exercise of reasonable care, could at all times hear the signal sounded beyond the trees and down the hill at the road engine, sixty rods away. He says he gave no signal for starting the engine, and that he heard none that it was about to be started. We said in the former opinion that, if signaling means had been provided whereby the engineer could have signaled respondent that the engine was about to start when it did, respondent might thereby have been warned of his danger, and thus enabled to protect himself from injury. It is true, the complaint alleged that no signaling device was provided for that purpose; but if the proof showed that appellant relied upon its engine whistle sixty rods distant from respondent, as furnishing the means for such signal, and that it was insufficient under the surroundings for reasonably safe reliance, then sufficient negligence was shown for the consideration of the jury. The intendment of the averment of the complaint that no means were provided for the engineer to sound a signal at respondent's location was fully shown by respondent's proofs, and if some other means relied upon by appellant to effect such signal purposes did appear in the evidence, it became a question for the jury whether the appliance was sufficient under all the circumstances.

For reasons stated in the former opinion, we think that, under the testimony introduced by respondent, the court should not have held as a matter of law, upon the motion for nonsuit, that the cause came within the fellow servant rule which exempts the master from liability. In the discharge of their particular duties, the two employees were necessarily so situated remote from each other that adequate means of communication from the engineer to respondent were necessary in order that respondent might assuredly receive warning of danger from the movement of logs about to be made. With such adequate warning means provided, respondent might as a result thereof have been enabled to so

control his situation as to escape injury. For appellant to have been held free of negligence in the premises, as a matter of law, it must have clearly appeared that it had provided the two employees, situated as they were, with reference to each other, with sufficient communicating facilities for exercising such immediate influence over each other as was necessary to enable them to reasonably control the situation with respect to safety. In other words, it must have clearly appeared that a safe place was provided by appellant for respondent to do the work he was assigned to do; that his injury was in no sense due to appellant's neglect in that regard, but was wholly due to the neglect of a fellow servant, before the court would have been justified in withholding the case from the jury on the ground that the injury was the result of a fellow servant's negligence. We think that the motion for nonsuit was properly denied.

In any event, whatever may have been the evidence at that time, appellant did not stand upon its motion for nonsuit, but proceeded to introduce evidence in its own behalf. Having thus waived its right to stand upon the motion for nonsuit, it then became necessary to consider the case upon the whole evidence introduced by both parties. *Port Townsend v. Lewis,* 34 Wash. 413, 75 Pac. 982; *Elmendorf v. Golden,* 37 Wash. 664, 80 Pac. 264. Appellant introduced evidence that the engineer did sound the whistle signal before starting. Under appellant's theory and evidence, there was, therefore, no neglect of the fellow servant by way of failing to use the signaling means provided. If, therefore, there was neglect of the fellow servant, it consisted in starting the engine without first receiving a signal from respondent. Respondent says that he heard no starting signal. If, therefore, the starting signal device was insufficient to meet the exigencies of respondent's situation, there was negligence of the master concurring with that of the fellow servant. In such a case, the master is not excused. *Costa v. Pacific Coast Company,* 26 Wash. 138, 66 Pac. 398; *Brabon v.*

*Seattle,* 29 Wash. 6, 69 Pac. 365.    See, also, authorities cited in those opinions.

Appellant assigns as error the refusal of the court to give certain instructions.    We think, however, that the instructions given fairly and fully submitted the case to the jury within our views as above set forth, and also in the former opinion.    We believe appellant's requests for proper instructions were sufficiently covered by those given, and that its rights were not prejudiced by the refusal to instruct in the exact form requested.

No questions being raised as to the extent of respondent's injury, the amount of damages awarded, or as to the introduction of evidence at the trial, the judgment is therefore affirmed.

MOUNT, C. J., and DUNBAR, J., concur.

CROW and ROOT, JJ., (concurring)—By reason of the rulings heretofore announced in *Conine v. Olympia Logging Co.,* 36 Wash. 345, 78 Pac. 932, which have become the law of this case, we concur in the result.

FULLERTON, J., dissents.