[No. 6475. Decided November 22, 1906.]

F. W. COMRADE, *Respondent*, v. ATLAS LUMBER & SHINGLE COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO SAW FILER BY STARTING SAW—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY. A saw filer, who had a right to rely upon a signal for the starting of a mill, is not guilty of contributory negligence, as a matter of law, but the question is for the jury, where he was injured by the starting of the mill without warning, and the evidence is conflicting as to whether he assumed a dangerous position in doing the work or should have released the belt tightener before commencing work.

SAME—FELLOW SERVANTS—WARNING OF STARTING MACHINERY. An engineer whose duty it is to give a warning by two blasts of the whistle before starting the machinery in a mill, so that employees may get out of danger, is not a fellow servant of a saw filer engaged in filing saws during the noon hour; since the giving of such warning was one of the nondelegable duties of the master.

DAMAGES—EXCESSIVE VERDICT—APPEAL—REVIEW—REDUCTION. A verdict for $2,500, reduced by the trial court to $1,500, is still excessive and will be further reduced by the supreme court to the sum of $1,000, where the plaintiff was not permanently injured, was in the hospital but two weeks, suffered for a short time thereafter, and within a short time was at work earning an advance of $2 per day over his previous employment.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 9, 1905, in favor of the plaintiff, in an action for personal injuries sustained by a saw filer by the negligent starting of a saw. Affirmed on condition of remitting $500.

*Bausman & Kelleher* and *R. P. Oldham*, for appellant.
*John E. Humphries* and *George B. Cole*, for respondent.

CROW, J.—This action was instituted by the plaintiff, Frank W. Comrade, against the defendant, Atlas Lumber & Shingle Company, a corporation, to recover damages for per-

[1]Reported in 87 Pac. 517.

sonal injuries.  The plaintiff alleged, that he was employed by the defendant as a saw filer; that defendant agreed to refrain from operating or starting its mill while he was engaged in filing its saws; that on April 11, 1905, while plaintiff was so engaged, the defendant negligently allowed ·its mill to be started without giving him any warning or notice; and that plaintiff, while endeavoring to escape and release himself from the saw which had thus been placed in motion, was seriously injured.  The defendant pleaded contributory negligence, assumption of risk, and negligence of a fellow servant.  Upon the trial a verdict was returned in favor of plaintiff for $2,250.  Thereupon the defendant moved for a new trial on various grounds.  This motion was denied on condition that plaintiff accept $1,500 as damages, which he elected to do.  Final judgment was thereupon entered for the latter sum, and the defendant has appealed.

The controlling contentions of the appellant under its numerous assignments of error are, (1) that the respondent was guilty of contributory negligence, and (2) that the negligence, if any, of which respondent complains, was that of a fellow servant.  The evidence shows that the respondent's duties required him to file certain saws operated by appellant; that it was his usual custom to do this work at the noon hour, while the mill was idle; that one of these saws, about fifty-six inches in diameter, was attached to and operated by a shaft on which a pulley was located; that a belt about twelve inches in width extended from this pulley to another pulley upon the main shaft; that a tightener was provided for the belt; that from this tightener a cord with weights attached extended back some distance, for the purpose of more firmly holding the tightener against the belt and causing additional friction on the pulley; that when these weights were lifted, the friction caused thereby was removed from the belt, and that when the tightener was also raised substantially all friction was removed, and the saw would not run when the mill

was in operation. The respondent had lifted the weights, removing some friction from the belt, but had not raised the tightener so as to remove all friction. He had taken a position in front of the saw with one leg over or in front of it, and with the knee of his other leg against it, and being thus situated had proceeded with his work.

It was the duty of the engineer to give a signal by two blasts of a steam whistle before starting the mill, in order that all employees might be warned and thus avoid danger. While the respondent was employed and situated as above stated, the engineer, without giving the usual signal, started the mill. The friction created by the tightener upon the belt caused the saw to revolve, to catch and cut the clothing of the respondent, and make one or two slight abrasions upon his leg. The respondent, being unable to hold or stop the saw, and realizing himself to be in great danger, hastily made a violent and successful effort to tear himself loose from the saw. In doing this he was thrown, either by the force of the saw, or by his own muscular action, or by both combined, for a distance of some eight or ten feet, and falling on certain blocks of wood, was injured.

The appellant now contends that the respondent was guilty of contributory negligence, (1) in unnecessarily assuming a dangerous position relative to the saw while doing his work, and (2) in failing to release the tightener before commencing work. A number of experienced millmen and saw filers were presented as witnesses. Their evidence on these points was conflicting; some of them thought the respondent's position was a customary and proper one, while others thought it unnecessary, unusual, improper and dangerous. The witnesses were also in marked conflict when giving their testimony as to whether it was necessary and proper for the respondent to release the tightener before commencing work. Some said it should remain upon the belt to steady the saw while being filed; while others said it should have been removed to avoid

danger.  There is no question but that the respondent was
entitled to rely upon the engineer to give the usual warning
before starting the mill.  Under all of these conditions and
circumstances, and in view of this conflicting evidence, we
cannot say, as a matter of law, that the respondent was guilty
of contributory negligence.  The presence or absence of such
negligence upon his part was an issue of fact to be submitted
to the jury, which was done under proper instructions given
by the trial judge, and the verdict of the jury determined
such issue in favor of the respondent.

The appellant requested the court to instruct the jury that
the engineer was a fellow servant of the respondent, and that
if he was negligent in failing to give the usual warning be-
fore starting the mill, the appellant was not responsible, such
negligence being the act of respondent's fellow servant; and
appellant now contends that the trial court erred in refusing
such requested instruction.  We are not prepared to say that
the engineer would, under no circumstances, be a fellow serv-
ant of respondent and other employees in the mill.  Under the
facts here disclosed, however, we do hold that, in the matter
of giving some proper warning before starting the mill, he
was a vice principal of the appellant and not a fellow servant
of the respondent.  It was the duty of the appellant to pro-
vide the respondent with a reasonably safe place in which to
work.  The evidence shows that the respondent was expected
to do his work of filing this saw during the noon hour, while
the mill was not running.  The appellant knew that its serv-
ants might be in such situations and positions relative to the
machinery while the mill was not running as to subject them
to great hazard and danger should it be suddenly started
without notice to them.  It was customary for the appellant,
by its engineer, to give a signal by two blasts of a steam
whistle shortly before starting the mill, and in fact it was its
duty to give some such warning so that its employees might
remove themselves from positions of danger in which they

might happen to be placed. In giving this warning, the engineer was performing a nondelegable duty of the master, thus discharging the duties of its vice principal. This being true, his negligence was that of the master. No evidence was offered by the appellant showing or tending to show that any warning was given. In fact, the undisputed evidence is to the contrary. We might reasonably assume that the respondent would not have been injured had the engineer performed his duty, for the respondent would then have been afforded ample time within which to remove himself from his position of danger before the machinery was placed in motion. We think the views here expressed are in strict harmony with the previous rulings of this court. *McDonough v. Great Northern R. Co.,* 15 Wash. 244, 46 Pac. 334; *O'Brien v. Page Lum. Co.,* 39 Wash. 537, 82 Pac. 114; *Dossett v. St. Paul & Tacoma Lum. Co.,* 40 Wash. 276, 82 Pac. 273.

We have carefully examined the instructions given, and also those refused, and in view of the principles above announced, conclude that no prejudicial error has been committed in the matter of instructions, but that the law was fairly and properly stated to the jury.

The appellant vigorously insists that, although the damages awarded by the jury were reduced by the trial judge, nevertheless the sum of $1,500 for which the judgment was finally entered, is still excessive. While we would ordinarily feel much hesitancy in making a further reduction of damages, after one reduction had already been made by the trial judge, still we think this contention should be sustained. The evidence shows that the respondent was earning $5 a day at the time of his injury; that he was confined to the hospital about two weeks; that within a short time thereafter, as soon as the mills, which had suspended, again commenced work, he returned to his usual employment of saw filer, receiving a compensation of $7 per day. He complains that,

by reason of the accident, he has been permanently injured, but at the time of the trial, which occurred about seven months after the accident, the court appointed two competent, experienced, disinterested physicians to examine the respondent and report upon his actual condition. The result of their examination was such as to show that he has in reality sustained no permanent injury, and that he was, at the time of their examination, in excellent physical condition. They found a slight defect in his nostrils and throat, creating a liability to occasional attacks. of bleeding from the nose, but their testimony was that this condition could not have been caused by, or have resulted from, the injuries of which he complained. The daily record kept by the attendants and nurses during the period of two weeks that he was in the hospital shows that his statements as to his condition and the character of his injuries are not entirely in accordance with the facts. We fail to find that he has suffered any damage or injury other than a brief loss of time. and perhaps some considerable suffering while he was in the hospital and for a very short period thereafter. We think the sum of $1,000 sufficient damages to be awarded the respondent, our only doubt being whether that sum may not be excessive.

It is ordered that, if the respondent shall within thirty days after the filing of the remittitur, agree to accept damages in the sum of $1,000, the judgment as thus modified be affirmed, otherwise that the judgment be reversed and a new trial be granted. The appellant will recover its costs on this appeal.

DUNBAR, FULLERTON, and HADLEY, JJ., concur.

MOUNT, C. J. and RUDKIN, J., took no part.