[No. 7862.   Department One.   June 22, 1909.]

John Westerlund, *Respondent*, v. Henry Rothschild et al., *Appellants*.[1]

Master and Servant—Safe Place—Delegation of Duty—Signal-man—Fellow Servants.   Where a stevedore, stowing piles in the hold of a ship, was injured through the premature starting of the cable, the master's duty to control the cable affects the safety of the place, and cannot be delegated to a fellow servant; and the negligence of a signalman in giving the wrong signal is that of a vice principal.

Same—Vice Principals—Evidence of Competency—Materiality. Where plaintiff was injured through the negligence of a vice principal in performing a nondelegable duty, evidence as to general competency is properly excluded as immaterial.

Appeal from a judgment of the superior court for King county, Tallman, J., entered July 1, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries.   Affirmed.

*Trumbull & Trumbull*, for appellants.

*Israel Nelson* and *Robert C. Saunders*, for respondent.

Morris, J.—Appellants are stevedores and employed respondent, with several others, in loading a vessel with piling. The pile was lifted by a cable with attached hooks, and placed in the hold of the ship, where it was respondent's work to place it in proper position and, when so placed, to detach the hooks.   When the hooks were released and plaintiff had assumed a position of safety, a signal would be given by one

[1]Reported in 102 Pac. 765.

called a side-runner, to a signalman, who in turn signaled to the engineer in charge of the engine, which was outside of the ship and on a scow, neither it nor the engineer being within sight or hearing of respondent; the cable carrying the piling running from a scow upon which the piles were loaded, up through a porthole, and then down into the hold of the ship. While plaintiff was bending over a pile, in the act of detaching the hooks, the engine suddenly started the cable, jerking the pile up to the deck and carrying plaintiff along with it, catching him between the pile and the deck, and inflicting the injuries complained of. The negligence alleged was in the movement of the cable while plaintiff was in a position of danger. The defense was negligence of fellow servants. Trial being had, a verdict was returned for plaintiff, and upon entry of judgment, defendants appeal.

The errors complained of are many, but they principally relate to appellants' contention that the injury was caused through the negligence of fellow servants, in the various ways in which appellants presented the question to the court.

It was the duty of appellants to furnish respondent with a reasonably safe place in which to work, and to keep that place reasonably safe during the progress of the work. This duty was not confined alone to the place where respondent performed his work, but was extended to all the instrumentalities, machinery, and appliances which from the nature of the work directly affected the safety of the place. Such, then, being the duty of the appellants, failure to properly control the movement of the cable, by giving wrong signals or acting without signals, while respondent was in a position of danger, was negligence, irrespective of the men or means employed for that purpose. Being a duty imposed by law upon the appellants, such duty could not be delegated to others, whether coemployees of respondent or not, so as to relieve appellants from liability for their failure to properly perform this duty. *McDonough v. Great Northern R. Co.*, 15 Wash. 244, 46 Pac. 334. The person selected by appel-

lants to give the signals controlling the proper movement of the cable was, in giving such signal, performing the appellants' duty, and his negligence, if any, was the negligence of appellants. *Sroufe v. Moran Bros. Co.*, 28 Wash. 381, 68 Pac. 896, 92 Am. St. 847, 58 L. R. A. 313. The doctrine of the above cases has been so frequently announced by this court that it would seem to be no longer an open question in this state, and the citation of concurring cases, without further review, is sufficient. *Conine v. Olympia Logging Co.*, 36 Wash. 345, 78 Pac. 932; *O'Brien v. Page Lumber Co.*, 39 Wash. 537, 82 Pac. 114; *Dossett v. St. Paul & Tacoma Lumber Co.*, 40 Wash. 276, 82 Pac. 273; *Comrade v. Atlas Lumber & Shingle Co.*, 44 Wash. 470, 87 Pac. 517; *Eidner v. Three Lakes Lumber Co.*, 45 Wash. 323, 88 Pac. 326; *Maloney v. Stetson & Post Mill Co.*, 46 Wash. 645, 90 Pac. 1046.

The evidence is not clear as to whether the signalman gave the wrong signal to the engineer, or whether the engineer started the engine without a signal. Each of these men seeks to exonerate himself by saying, the one that he gave the proper signal; the other that he started the engine only upon, and when directed by, proper signal from the signalman. But there was sufficient evidence to justify the verdict upon the belief that the wrong signal was given. This seems to be the contention here, appellants contending that the signalman was a fellow servant, while respondent contends the case falls within the rule announced in the above cited cases.

Complaint is also made of certain instructions. What has been previously said disposes of the questions thus raised. The instructions properly stated the law applicable to the case, and we find no error in them.

Error is predicated upon the court's refusal to permit appellants to show that the men working with respondent had been in their employ for some time and were competent and careful men. We find no error in this ruling. The general character of the men in this respect was not an issue. The

only question properly in the case upon this feature was to determine whether there was negligence causing respondent's injury for which his employers were answerable; and, if so, it was immaterial that this negligence was that of men generally prudent, careful, and competent to do the work assigned them.

The judgment is affirmed.

RUDKIN, C. J., GOSE, FULLERTON, and CHADWICK, JJ., concur.