[No. 9772.  Department One.  December 2, 1911.]

## Max Keller, *Appellant*, v. White River Lumber Company, *Respondent*.[1]

Master and Servant—Fellow Servants—Vice Principal—Starting Engine Without Warning. A hook tender who left his station and started a logging engine in the absence of the engineer without giving any warning to a sniper working by his direction on a log to which the chain was attached, is a vice principal and not a fellow servant of the sniper, and his act in starting the engine was the act of the master.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 23, 1911, upon granting a nonsuit in an action for personal injuries sustained by an employee in a logging camp. Reversed.

*Govnor Teats, Hugo Metzler, Leo Teats,* and *Ralph Teats,* for appellant.

*John P. Hartman,* for respondent.

Gose, J.—This is an appeal from a judgment of nonsuit. The facts are few and simple. The appellant was employed by the respondent as a sniper for its logging crew. His duties were to round the forward end of the logs so that they could be drawn in by the yard engine. The hook tender had charge of the logging crew and directed its work. He was also the signalman. The appellant, while sniping a log to which the cable leading from the engine was attached, was injured by the starting of the engine without warning. The engine was started by the hook tender in the temporary absence of the regular engineer. It was no part of the duties of the hook tender to operate the engine. This duty was performed by the engineer upon receiving a go-ahead signal. Shortly before starting the engine, the hook tender had directed the appellant to resume sniping. When he started the engine he was within fifty feet of the appellant, who was

[1]Reported in 119 Pac. 4.

in plain view and working upon the log with his back to the engine. The engine was started without a signal.

The case should not have been withdrawn from the jury. The hook tender was a vice principal. It was his duty to direct the work and to signal the engineer when he desired him to start the engine. Had he given a wrong signal to the engineer, the master would have been clearly liable. When he left his station and started the engine, it was the act of the master. *Creamer v. Moran Bros. Co.*, 41 Wash. 636, 84 Pac. 592; *Tills v. Great Northern R. Co.*, 50 Wash. 536, 97 Pac. 737, 20 L. R. A. (N. S.) 434; *Westerlund v. Rothschild*, 53 Wash. 626, 102 Pac. 765; *Campbell v. Jones*, 60 Wash. 265, 110 Pac. 1083.

As was said in the *Tills* case, whether the vice principal does the negligent act himself, or directs another to do it, the master is liable. And as was said in the *Westerlund* case, the master is liable, whether the injury proceeds from the giving of a wrong signal or from the failure to give any signal. In Labatt, Master & Servant, vol. 2, § 546, it is said that there is no logical difference between the quality of an act done by the order of the vice principal and the quality of the same act when done by him. The learned trial court granted the nonsuit on the authority of *Conine v. Olympia Logging Co.*, 36 Wash. 345, 78 Pac. 932, and *Id.*, 42 Wash. 50, 84 Pac. 407. This case holds that the engineer of a logging crew is the fellow servant of the logger. We do not think it has any application to the case at bar. Here the vice principal started the engine. The trial court was influenced by the fact that the master had furnished a competent engineer, and that the injury was caused by the vice principal who was acting without the scope of his authority. This, we are persuaded, does not affect the question of the master's liability.

The judgment is reversed.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.