[No. 10660.  Department One.  October 28, 1912.]

# H. C. LACKEY, *Appellant*, v. BIG CREEK TIMBER COMPANY, *Respondent*.[1]

MASTER AND SERVANT—FELLOW SERVANTS—SAFE WORKING PLACE—VICE PRINCIPALS. An engineer of a donkey engine, and his fireman working under his control in repair work on the engine, are not fellow servants, with reference to the engineer's duty to make the working place safe by closing the globe valve of the engine so as to prevent its starting by accidental contact with the throttle lever while working at the repairs; since the same was a nondelegable duty of the master, making the engineer a vice principal with respect thereto.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered August 30, 1912, upon granting a nonsuit, dismissing an action for personal injuries sustained by a fireman of a donkey engine.  Reversed.

*Govnor Teats, Hugo Metzler, Leo Teats*, and *Ralph Teats*, for appellant.

*Reeves Aylmore, Jr.*, for respondent.

PARKER, J.—This is an action to recover damages for personal injuries, alleged to have resulted to the plaintiff from the negligence of the defendant timber company while he was' employed as a fireman for its donkey engine.  At the conclusion of the plaintiff's evidence introduced upon the trial, the court granted the defendant's motion for a nonsuit, and dismissed the action upon the ground that the plaintiff's injuries were caused by the negligence of the engineer while acting in the capacity of a fellow servant of the plaintiff, if such injuries were caused by the negligence of any one other than the plaintiff himself.  From this disposition of the cause, the plaintiff has appealed.

The facts material to our present inquiry may be sum-

[1]Reported in 127 Pac. 190.

marized from the evidence introduced in behalf of appellant
as follows: On April 17, 1911, appellant's brother, Thomas
Lackey, was in the employ of respondent as an engineer in
charge of one of its donkey engines. In pursuance of special
authority then given him so to do, he on that day employed
appellant as fireman for the same engine. Appellant con-
tinued to work for respondent in that capacity until Septem-
ber 17, 1911, when he received the injuries for which he seeks
recovery in this action. He worked with his brother Thomas
Lackey, Clarence Norton, and Roy Clark, each of whom suc-
ceeded to the position of engineer in this order. Appellant
was under the engineers and subject to their superintendence
and control. While the engineers did not have the unqualified
power of employing and discharging firemen, such employing
and discharging were subject to the recommendation of the
engineers. There was a general foreman over all the em-
ployees, including the engineers.

On September 2, the engine was running, and appellant
performing his usual work of firing until the noon hour.
During the forenoon, the engine had become disabled, and
needed repairs which it was evident it would take some little
time to make. As appellant was starting away from the en-
gine to dinner, the engineer Clark directed him to come back
after dinner and help repair the engine, and to bring with
him a jack screw. Upon his return after dinner with the jack
screw, he found the engineer and W. A. Hastie, another em-
ployee, at work upon the engine. He proceeded to help them
as directed, and after they had been working for a time, ap-
pellant was directed by the engineer to hold in place a drill
which was being used to drill a hole in a shaft upon the en-
gine. In performing this duty, appellant was required to
take a position very near the throttle lever of the engine.
While in this position, and while the engineer was turning
the drill, appellant accidentally came in contact with the
throttle lever, causing the throttle to open and admit steam
into the engine. This started the engine, and before it could

be stopped, appellant's foot was caught in the machinery and injured. There was a globe valve in the steam pipe leading from the boiler to the engine, for the purpose of shutting off the steam from the engine. Two experienced engineers testified, in substance, that it is dangerous to work with the machinery about the engine when steam is in the boiler unless the globe valve is closed; and that it should then be closed to prevent the possibility of an accidental starting of the engine by something coming in contact with the throttle lever. Appellant knew of this danger, but says he supposed the globe valve had been closed by the engineer before he arrived after dinner. We have noticed that the engineer and Hastie were at work upon the engine before appellant arrived. The globe valve was just above a low roof covering the engine, and could not be seen from where the men were working. It was not the duty of the fireman to attend to the closing of the globe valve unless he was specifically directed so to do by the engineer.

We have noticed that the trial court granted the nonsuit upon the theory that the engineer and appellant were fellow servants. The correctness of the decision upon this theory is the only question presented in the briefs of counsel. We are unable to agree with the view of the learned trial judge upon this question; that is, that respondent was relieved of responsibility for appellant's injuries because he was a fellow servant with its engineer with whom he was working. The facts we have above summarized, it seems to us, would warrant a jury in concluding, that the failure of the engineer to see that the globe valve was closed while the men were working upon the engine was an act of negligence on his part, in view of the supervision and control he was there exercising in behalf of respondent over both the appellant and the engine; that the closing of the globe valve on such an occasion was such a necessary act in rendering the engine and the place safe as made it under the circumstances a nondelegable duty on the part of the respondent, and that the

failure to close the globe valve was the proximate cause of appellant's injuries. In the case of *Dyer v. Union Iron Works*, 64 Wash. 577, 117 Pac. 387, stating the view of this court as deduced from its previous decisions, it was said:

"We have held that where a master employs a number of servants to work with a dangerous agency and gives to one servant exclusive control of the agency with power to direct where the other servants shall work and the manner in which they shall work, the one given control is the representative of the master, that his negligence is the negligence of the master, and any one injured by reason of such negligence, not contributed to by him, has a cause of action against the master for the injury so suffered."

See, also, *Allend v. Spokane Falls & N. R. Co.*, 21 Wash. 324, 58 Pac. 244; *O'Brien v. Page Lumber Co.*, 39 Wash. 537, 82 Pac. 114; *Dossett v. St. Paul & Tacoma Lum. Co.*, 40 Wash. 276, 82 Pac. 273; *Eidner v. Three Lakes Lumber Co.*, 45 Wash. 323, 88 Pac. 326; *Keller v. White River Lumber Co.*, 66 Wash. 153, 119 Pac. 4.

We are of the opinion that the engineer was a vice principal, at least in respect to the safety of the place in which appellant was working in so far as the safety of the place was dependent upon the closing of the globe valve.

We conclude that the judgment must be reversed and appellant granted a new trial. It is so ordered.

MOUNT, C. J., CROW, GOSE, and CHADWICK, JJ., concur.